_____
                    Richardson v. Richardson.
_____

_____

HARRIET M. RICHARDSON *versus* MOSES C. RICHARDSON.

The writ *de homine replegiando* lies only for the benefit of a person unlawfully
    imprisoned or restrained of liberty.

It can be brought in *his* name only, though it may be at the procurement of
    another.

It cannot be used for the benefit of another person, although such other per-
    son may have, by contract, a lawful claim to his services or to the custody
    of his person.

A female infant, of the age of seventeen months, residing with her father,
    and under his care and protection, is not so imprisoned or restrained of
    liberty by him as to authorize any person to replevy her person; even if
    the father had previously assigned to such person the care and education of
    the child.

Whether such an assignment can be lawfully made, *non dicitur*.

                    WRIT DE HOMINE REPLEGIANDO.

   The officer's return upon it was, that he had replevied the
plaintiff, and delivered her to Noah Woods, Esq.   The de-
fendant pleaded *non cepit*, with a brief statement, avowing
the taking of the plaintiff by the defendant, as her father and
natural guardian.   No issue was joined.

   Evidence was introduced by the plaintiff's counsel, though
objected to by the defendant, tending to show, that her father

and mother, the evening before the mother died, (the plaintiff then being but a few days old,) assigned and gave the child, by parole, with its care and education, to its maternal grandmother, Mrs. Farnsworth, who assented to the gift, and thereupon carried the child from its father's house in Hallowell to her residence in Bridgton, where she kept and cared for it several months, until the defendant, who is the father of the child, reclaimed it, and carried it back to his own house, where it resided under his care, till replevied by this writ. Under that alleged gift, Mrs. Farnsworth claims the custody of the child, and this suit is brought by her, in the name of the child, to regain that custody. The defendant offered evidence tending to show, that the gift was a qualified one, and subject to a recall by him. No objection was taken to the suitableness of the defendant or of Mrs. Farnsworth to have the custody of the child. The defendant requested the Judge to instruct the jury, that their verdict must be for him. This was declined, and, for the purposes of this trial, the jury were instructed, that it was competent for the father to make an irrevocable gift of his child, and that, if the father and grandmother intended the gift to be unconditional and unqualified, the verdict should be for the plaintiff. The verdict was for the plaintiff, and the defendant excepted. Much of the arguments are omitted here, because addressed to points, upon which the court gave no opinion.

*Paine,* for the defendant.

The writ *de homine replegiando* was well known to the common law. In this State it is also provided for by statute. It lies only for persons unlawfully " imprisoned, restrained of liberty, or held in duress." Whether " unlawfully imprisoned, restrained of liberty, or held in duress," is the true issue. The statute contemplates but two parties. The court cannot inquire into the rights, real or supposed, of third persons. In some respects, this process is *in rem.* The judgment must follow the issue. It may set the plaintiff free, but can do no more. It cannot consign him to the custody of any one. If this plaintiff is set free and taken from its father, he can no

longer protect it ; and the court can supply no other guardian. The grandmother is not compellable to take the child. Where shall it go ? It becomes a waif, and without fault of its own, merely through the officious intermeddling of others.

Under the instructions of the Judge, a foreign issue was tried. It was between other parties, to test their rights, not the rights of the plaintiff. The verdict settled no fact, denied by the plea. The evidence did not even tend to prove any illegal imprisonment or restraint of the child, even if its parent had the right to assign, and did assign it irrevocably. The writ complains of a wrong done to the child alone ; not of any infraction of a contract, with a third person. The verdict, being rendered merely upon such a supposed infraction, should therefore be set aside.

*Evans*, for the plaintiff.

The defendant admits that he restrained the child, and claims the right, as its father, to do · so. Whether he had such right, was the question to be tried ; if he had not, then his defence fails.

This is the proper mode to try the right, which third persons may have to the services or custody of one under a restraint of liberty. It may, by the statute, be brought in the name of any one. Our allegation was that Mrs. Farnsworth was entitled to the custody ; and that the restraint, imposed on the child by the defendant, precluded her from obtaining that custody. This was the only issue. If the defendant kept the child against the consent of the person lawfully entitled to its custody, there was unlawful restraint. For such cases this writ was provided. It is a writ of right ; a writ of liberty, extending its beneficence beyond the powers of a *habeas corpus*, which is merely at discretion.

The eighth section of the statute authorizes the defendant, in replevin, " *if entitled*" to the custody of the plaintiff, as the child of the defendant, to have a re-delivery. Why these words, " *if entitled* ?" They show that, under some circumstances, the father may not be entitled. 6 Barbour's Rep. 368 ; 25 Wend. 101.

Richardson *v.* Richardson.

The semi-barbarous maxim, that a father is of right entitled to the custody of his children, has yielded to the more mild and enlightened doctrine, which places them at the discretion of the court. The construction of the statute is yet open. Humanity demands that it be such as to sustain the instructions given to the jury, and such a construction will not be in conflict with any rule of law, established in this State.

*Emmons,* in reply.

This form of process differs from that of *habeas corpus.* The latter is a prerogative writ, generally in the name of the State; tried by the court without a jury; judgment is at the discretion of the court; and the process may issue *toties quoties.*

But the writ, *de homine replegiando,* is *ex debito justitiae;* in the name of the party restrained of liberty; triable by the jury, on principles, not of discretion, but of strict law; and the judgment is a bar to a future process of the same kind.

The evidence of a gift to Mrs. Farnsworth was inadmissible. It did not illustrate any claim as between these parties. The gift, if any, was a contract, to which the plaintiff was not a party. The evidence rather tended to disprove the *plaintiff's* right, by showing the right to be in another person. The true inquiry was, whether the plaintiff had a right to control her own movements, or whether the defendant had that right.

If the statute could allow the rights of a third person to be acted upon, the action should be in his name. The rights of none but parties to the suit can be considered. In this case, by the instructions, the verdict established nothing, as between the parties. A new trial ought therefore to be awarded.

WELLS, J. — By our statute, chap. 142, the writ *de homine replegiando* lies in favor of a person unlawfully deprived of his liberty, and it must be prosecuted in his own name and for his own benefit. It does not lie in favor of a party to recover one, who owes service to him by contract. It may be sued out by any person in behalf of a plaintiff, but still it must be

for his benefit, and the assistance must be rendered to him by the person procuring it.

If the plaintiff, when the action was commenced, was not unlawfully imprisoned or restrained of her liberty, it cannot be maintained. It appears by the exceptions, that she was then about seventeen months old, and was residing with her father and under his care and protection. He is under legal obligations to support and maintain his children, and generally is entitled to the custody and control of their persons. But it is contended that he has made a parole contract with the grand-mother of the child, and has transferred the custody to her, and in violation of his agreement, has taken the child from the grandmother, to whom the child had been given by him and his deceased wife. It is moreover contended, that this contract is in its nature irrevocable on the part of the father, and that he cannot retain the possession of his daughter in opposition to it.

If it were admitted, that such contract was legal and binding upon the parties to it, the consequence would not follow that this action could be maintained, though damages might be recovered for the breach of it. Our law does not appear to have provided any remedy for the specific execution of such contract. The refusal of the father to perform it does not convert a lawful custody of one's child into an unlawful imprisonment. The plaintiff has no right to interfere with the contracts of her father, made with a third person, or to prescribe his line of duty. She has no legal connection with them, and although they may have relation to her, she is not a party to them in the contemplation of law. This writ has regard to the relations between the parties themselves, and cannot be sustained, unless the plaintiff is entitled to her liberty in her own right, and by the law applicable to her as a child, and to the defendant as her father. If the power to an entire control of herself during minority can ever be obtained, it must result from a legal agreement to that effect between her and her father. She cannot call in aid a contract made between her father and a third person; the observance or the

breach of it, however her happiness may be affected, cannot determine her rights.

This action appears to have been commenced, not to relieve the plaintiff from an actually existing unlawful imprisonment or restraint, but to coerce the defendant into a performance of the alleged contract. Neither the language nor the spirit and intent of the statute can justify such use of it. It was enacted for the exclusive benefit of the party held in a custody, not authorized by the legal relations between the parties to the record. The Legislature did not intend, that a third person might resort to this process, and using the name of an infant, and under an alleged agreement with the father, take the infant from the arms of the parents. There is nothing in the statute that requires or warrants such construction. And in the opinion of the court, this action cannot be maintained, and the jury should have been so instructed, agreeably to the request of the defendant.

Upon *habeas corpus* the court may exercise a discretion in relation to the disposition of a child, which it is unable to do in this action. But it is gratifying to know, that the respectability and good character of those, who are contending for the custody of the plaintiff, furnish a sufficient guaranty of her proper treatment in the hands of either.

*Exceptions sustained, verdict set aside,*
*and a new trial granted.*